UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20009-CR-Middlebrooks/Garber

UNITED STATES OF AMERICA,

v.

JOSE DAVID AGUILAR and
ALEXANDER BONILLA,

    Defendants.
_____/

**OMNIBUS REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    THIS CAUSE was before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendants Jose David Aguilar and Alexander Bonilla in this cause. Pursuant to such reference, the Court has conducted a change of plea hearing on March 15, 2011, which was attended by the defendant Jose David Aguilar, his attorney, Louis Casuso, the defendant Alexander Bonilla, his attorney, Victor Edward Rocha, and Assistant United States Attorney Michael Thakur. The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings, the Court advised the defendants that they had a right to have these proceedings conducted by the United States District Judge assigned to this case. The defendants were advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendants, their attorneys, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendants, their counsel, and government counsel. The Court advised the defendants that the sentence would be imposed by the District Judge,

who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge.

2. The defendants were advised that they did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendants consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendants of the maximum sentence possibilities as to Count 1 of the Indictment to which they were tendering a guilty plea. The Court also advised the defendants of the mandatory special assessment of $100.00 which must be paid by each defendant at the time of sentencing.

5. The defendants acknowledged that they were satisfied with the services of their attorneys and that they had full opportunity to discuss all facets of their case with their attorneys, which they acknowledged that they understood.

6. The defendants each pled guilty to Count 1 of the Indictment charging that "From on or about December 8, 2010, through on or about December 22, 2010, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants Jose David Aguilar and Alexander Bonilla did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the Grand Jury, to import into the United States from a place outside thereof, a controlled substance, in violation of Title 21, United

States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963." The controlled substance was five kilograms or more of a mixture and substance containing a detectable amount of cocaine.

7. The defendants were advised that Count 1, to which they were pleading guilty, carried a minimum mandatory term of ten (10) years imprisonment up to life imprisonment, with a fine of up to $4,000,000, as well as a term of supervised release for five (5) years up to life following completion of the term of imprisonment. The defendants acknowledged that they understood the maximum sentences and fines that could be imposed pursuant to the applicable statutes. The defendants entered pleas of guilty as to Count 1.

8. The government filed a factual basis, made part of the record and executed by the defendants, their counsel, and the government, for the guilty pleas which consisted of all of the essential elements of the offenses to which the defendants are pleading guilty.

9. The defendants, upon motion by the government, were remanded to the custody of the United States Marshal for confinement until imposition of sentence at the date and time set forth below.

10. The defendants were referred to the United States Probation Office for the preparation of a Pre-sentence Report. **Sentencing of the defendant Aguilar is scheduled for Tuesday, May 24th, 2011, at 10:30 A.M. and of the defendant Bonilla on May 24th, 2011, at 1:30 P.M. before U.S. District Judge Donald M. Middlebrooks, in a his Courtroom on the 11th Floor of the James Lawrence King Federal Justice Building, 99 NE 4th Street, Miami, Florida 33132**.

Accordingly, and based upon the foregoing and the plea colloquies conducted in this cause, the undersigned hereby

RECOMMENDS that the defendants be found to have freely and voluntarily entered their guilty pleas as to Count 1 of the Indictment, that their guilty pleas be accepted, that they be adjudicated guilty of such offenses, and that a sentencing hearing be conducted for a final disposition of this cause on the date set forth above.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. See 28 U.S.C. §636.  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 15th day of March, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE